CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JUN 13 2013
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DANIEL P. MASON, | ) |
| | ) Case No. 7:13-cv-00003 |
| Petitioner, | ) |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| | ) |
| EARL BARKSDALE, | ) By: Hon. Jackson L. Kiser |
| | ) Senior United States District Judge |
| Respondent. | ) |

Daniel P. Mason, a Virginia inmate proceeding pro se, filed an amended petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, to challenge convictions entered by the Circuit Court of Rappahannock County for various drug and firearm offenses. Respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. Having reviewed the record, I will grant respondent's motion to dismiss because petitioner is not entitled to habeas relief.

I. Facts

The Circuit Court of Rappahannock County found petitioner guilty of possession of a firearm after having been convicted of a non-violent felony, possession of methadone, possession of a firearm while in possession of a controlled substance, and distribution of heroin, in violation of Virginia Code §§ 18.2-308.2, 18.2-250, 18.2-308.4A, and 18.2-248, respectively. The evidence showed that on March 21, 2009, Rebecca Teel and Mark Jenkins traveled to petitioner's residence. Teel testified that, during the visit, petitioner sold Jenkins heroin and then petitioner injected both Teel and Jenkins with the heroin. Teel and petitioner then went upstairs. When they returned downstairs, Jenkins appeared to be overdosing. Jenkins suffered a drug

overdose and died. On March 22, 2009, police searched petitioner's residence pursuant to a search warrant and discovered illegal drugs and drug paraphernalia.

The court sentenced petitioner to a total term of imprisonment of 10 years, with 6 years suspended. Petitioner appealed, arguing that (1) the trial court delivered inconsistent verdicts by acquitting him of possession of heroin, but convicting him of distribution of heroin; (2) the evidence was insufficient to support his conviction for distribution of heroin; and (3) the trial court erred by refusing to admit the testimony of Regina Lamb regarding her interactions with Rebecca Teel. The Court of Appeals denied the appeal and the Supreme Court of Virginia refused petitioner's subsequent appeal on August 16, 2011.

On July 6, 2012, petitioner filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. The Supreme Court of Virginia dismissed petitioner's petition for a writ of habeas corpus. Petitioner timely filed the instant petition, arguing the following claims:

1. Counsel provided ineffective assistance in:

    a. failing to move to suppress the search warrant, "fail[ing] to prepare a proper motion to suppress," (Docket No. 1-1) and failing to object to improper evidence at trial.

    b. "botch[ing]" the cross-examination of Rebecca Teel. (Docket No. 1-3)

    c. not using the information uncovered in the direct examination of Rebecca Teel and the cross-examination of Officer Welch.

    d. failing to properly lay a foundation when he questioned Regina Lamb and failing to establish that Lamb's proffered testimony, that Teel had previously injected Lamb with heroin to the point of overdose, was relevant and necessary to impeach Teel's testimony that she did not inject the heroin into Jenkins.

2. Denial of Sixth Amendment right to a fair trial because the trial court denied petitioner's request for new counsel.

3. Denial of Sixth Amendment right to a fair trial because the trial court refused to admit the testimony of Regina Lamb.

2

4. Denial of Sixth Amendment right to a fair trial because the trial court erred in finding that Rebecca Teel's testimony constituted sufficient evidence to convict the petitioner of heroin distribution.

   5. Newly discovered evidence shows the Commonwealth withheld exculpatory evidence.

II. Claims 2 and 5 are procedurally defaulted

A petitioner procedurally defaults a federal habeas claim when "a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule." Hedrick v. True, 443 F.3d 342, 359 (4th Cir. 2006). A state court's finding of procedural default is entitled to a presumption of correctness, provided two foundational requirements are met. 28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259-61 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. Ford v. Georgia, 498 U.S. 411, 423-24 (1991); Harris, 489 U.S. at 260.

The Supreme Court of Virginia declined to adjudicate claim 2 (that petitioner's Sixth Amendment right to a fair trial was violated because the trial court denied petitioner's request for a new attorney) and claim 5 (that newly discovered evidence shows the Commonwealth withheld exculpatory evidence) pursuant to Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974).[1]

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that the procedural default rules of Slayton constitute adequate and independent state law grounds for

---

[1] Slayton precludes a Virginia court from reviewing a non-jurisdictional claim in a petition for a writ of habeas corpus when that claim could have been presented at trial and on appeal but was not.

3

decisions. See, e.g., Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998). Therefore, the Supreme Court of Virginia dismissed these claims pursuant to independent and adequate state procedural rules, and petitioner procedurally defaulted claims 2 and 5.

A federal court may not review a procedurally defaulted claim absent a showing of a fundamental miscarriage of justice or cause and prejudice. See, e.g., Martinez v. Ryan, __ U.S.__, 132 S. Ct. 1309, 1316 (2012). A court does not need to consider the issue of prejudice in the absence of cause. Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995). A petitioner's unfamiliarity with law or a court's procedural rules does not provide a basis for establishing cause. See, e.g., Harris v. McAdory, 334 F.3d 665, 668-69 (7th Cir. 2003) (finding that a petitioner's pro se status does not constitute adequate ground for cause). Instead, cause constitutes a novel claim, a factor external to the defense that impeded compliance with the state procedural rule, or an error by counsel. Coleman v. Thompson, 501 U.S. 722, 753-54 (1991). Counsel's error may serve as cause if petitioner demonstrates (1) that the error was so egregious that it violated petitioner's constitutional right to effective assistance of counsel, and (2) that the ineffective assistance claim itself is exhausted and not procedurally defaulted. Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000). A procedural default will not bar a federal habeas court from considering a "substantial" ineffective assistance of counsel claim if a petitioner did not have counsel in the initial review proceeding or if counsel in that proceeding was ineffective.[2] See Martinez, 132 S. Ct. at 1316, 1318 (noting that a petitioner must show that the underlying ineffective assistance claim used to excuse a procedural default must be "substantial" by having

---

[2] In Virginia, an ineffective assistance of counsel claim is not cognizable on direct appeal and must be raised via a state habeas petition. See, e.g., Roach v. Commonwealth, 468 S.E.2d 98, 105 n.4 (1996), overruled in irrelevant part by Morrisette v. Warden of the Sussex I State Prison, 613 S.E.2d 551, 562 (2005); Hall v. Commonwealth, 515 S.E.2d 343, 347 (1999).

"some merit").

Petitioner states that his conviction constitutes a fundamental miscarriage of justice because he is "an innocent man" and argues that the "illicit contraband that the Commonwealth used to procure a criminal conviction against the petitioner" actually belonged to Rebecca Teel, which petitioner asserts Teel confessed to at trial. (Docket No. 15) Petitioner further argues that this demonstrates cause and prejudice because he was wrongfully convicted for possessing contraband and distributing drugs. However, the trial judge determined the Commonwealth's evidence, including the testimony of Rebecca Teel, to be more credible than the petitioner's version of events. See Marshall v. Lonberger, 459 U.S. 422, 434 (1983) (stating federal habeas review does not redetermine the credibility of witnesses). Petitioner's mere disagreement with the trial court's conclusion does not constitute cause.

Petitioner avers that his wrongful conviction was the result of ineffective counsel; specifically his counsel's refusal to challenge the admissibility of the evidence uncovered using a search warrant by filing a motion to suppress. When petitioner tried to acquire substitute counsel, the trial judge refused the request. Petitioner argues that his counsel's motion to withdraw, which cited an unreasonable financial burden, establishes an "actual conflict of interest adversely affect[ing] his lawyer's performance" and states it was "gross error" and demonstrated bias by the trial judge when new counsel was not appointed. (Docket No. 15)

However, an indigent defendant has no right to have a particular lawyer represent him, and the determination of whether a motion for substitution of counsel should be granted is within the discretion of the trial court. United States v. Gallop, 838 F.2d 105, 108 (4th Cir. Md. 1988). To the extent that petitioner is arguing that the claims barred by Slayton should be excused because of his ineffective assistance of counsel claims, as discussed below, none of petitioner's

5

exhausted, non-defaulted ineffective assistance of counsel claims are substantial and, thus, cannot excuse a procedural default.

Petitioner acknowledges that he has not offered proof that the Commonwealth withheld exculpatory evidence, stating that the suspected "behavior was conducted in absolute secrecy, while the petitioner was incarcerated" and asking this court "[h]ow could the petitioner offer proof that they intentionally withheld ... information." (Docket No. 15) Petitioner avers that Teel was convicted on August 17, 2010 of distributing hydromorphone, with an offense date of March 24, 2009, just two days after Jenkins' overdose. Petitioner states that the fact that Rebecca Teel's arrest was postponed for 11 months, until after petitioner's trial, when he could no longer use a conviction as impeachment evidence, establishes "the appearance of inappropriate activity." Petitioner argues that if the trial court had known of the conviction, it would have found petitioner's version of events more credible than Teel's and found Teel distributed the heroin to Jenkins, not petitioner. However, petitioner offers no evidence beyond mere speculation that the government knew of or purposely suppressed materially exculpatory evidence.[3] See United States v. King, 628 F.3d 693, 701 (4th Cir. 2011) (citing Brady v. Maryland, 373 U.S. 83 (1963)). Petitioner's mere speculation cannot constitute cause, and he fails to establish prejudice. Accordingly, the court dismisses claims 2 and 5 as procedurally defaulted.

III. Claims 1, 3, and 4 were adjudicated by the Supreme Court of Virginia

The remainder of petitioner's claims present federal issues, are exhausted, and are not barred from federal review. After a state court addresses the merits of a claim also raised in a

---

[3] Furthermore, even if Teel had been arrested and charged sooner, a pending charge would not likely have been relevant. See Booker v. Commonwealth, 2004 Va. App. LEXIS 137 (Va. Ct. App. Mar. 30, 2004) ("The appellate courts of Virginia have consistently held that a litigant's right to impeach the credibility of a witness by showing her participation in criminal conduct is limited to questions about convictions.")

6

federal habeas petition, a federal court may not grant the petition unless the state court's adjudication of a claim is contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination is "contrary to" federal law if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413.

A federal court may also issue the writ under the "unreasonable application" clause if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. This reasonableness standard is an objective one. Id. at 410. A Virginia court's findings cannot be deemed unreasonable merely because it does not cite established United States Supreme Court precedent on an issue if the result reached is not contrary to that established precedent. Mitchell v. Esparza, 540 U.S. 12, 16, (2003). Furthermore, "[a] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, 558 U.S. 290, 301, (2010).

A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. § 2254(e)(1)). See, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006). Finally,

"review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, __U.S.__, 131 S. Ct. 1388, 1398 (2011).

For the reasons described hereafter, the Supreme Court of Virginia's adjudication of the petitioner's claims of ineffective assistance of counsel (claims 1(a)-(d)), that the trial court erred in refusing to admit the testimony of Regina Lamb (claim 3) and that the trial court erred in finding that Rebecca Teel's testimony constituted sufficient evidence to convict the petitioner of heroin distribution (claim 4), was neither contrary to, or an unreasonable application of, clearly established federal law nor based on an unreasonable determination of the facts. Accordingly, I find that petitioner is not entitled to habeas relief.

A. Ineffective Assistance of Counsel Claims (Claims 1(a)-(d))

The Supreme Court of Virginia relied on Strickland v. Washington, 466 U.S. 668 (1984), to dismiss petitioner's ineffective assistance of counsel claims. A petitioner claiming ineffective assistance of counsel must satisfy a two-pronged test. The first prong requires a petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness.[4] Strickland, 466 U.S. at 687-88. The second prong requires a petitioner to show that counsel's deficient performance prejudiced him by demonstrating a "reasonable probability that, but for counsel's errors, the result of the

---

[4] "[A]n attorney's acts or omissions that are not unconstitutional individually cannot be added together to create a constitutional violation." Fisher v. Angelone, 163 F.3d 835, 852-53 (4th Cir. 1998). Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Strickland, 466 U.S. at 689. "Judicial scrutiny of counsel's performance must be highly deferential[,]" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id. "[E]ffective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978).

8

proceeding would have been different."[5] Id. at 694. For the reasons explained hereafter, claims 1(a)-(d) did not describe deficient performance or sufficient prejudice, and the Supreme Court of Virginia's adjudication of these claims was not contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts.

1. Claim 1(a)

In claim 1(a) petitioner argues counsel was ineffective for failing to move to suppress the search warrant. Petitioner argues that the search warrant was defective and should never have been issued because it was based on an affidavit lacking in probable cause. Petitioner further contends the affidavit failed to link the petitioner to the drugs that were found in his residence, merely containing the statement "while inside the residence, both Teel and Jenkins inject heroin." (Docket No. 15) Petitioner is suspicious that his counsel's "abrupt withdrawal" of the motion to suppress indicated he had "cut a deal with the prosecutor ... to sell his client out" and petitioner claims his counsel lied when he claimed he watched DVDs of Teel's interview with law enforcement. (Docket No. 15) Petitioner also argues that the motion to suppress which his counsel filed and later withdrew was improper because it failed to address probable cause in the affidavit.

The record reveals that petitioner's counsel initially filed a motion to suppress because he believed the affidavit contained a false statement, specifically that Teel and Jenkins injected heroin at the petitioner's residence. However, after subsequently reviewing DVDs of interviews showing Teel, prior to the warrant request, telling police that the drugs were used at the

---

[5] If a petitioner has not satisfied one prong of the Strickland test, a court does not need to inquire whether petitioner has satisfied the other prong. Id. at 697.

9

petitioner's residence, counsel determined that a motion to suppress would be frivolous. The affidavit in support of the search warrant was sufficient to establish the necessary probable cause and petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different. Thus, the Supreme Court of Virginia's adjudication of this claim was not contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts.

2. Claim 1(b)

In claim 1(b) petitioner argues counsel was ineffective because counsel "botched" the cross-examination of Teel. Petitioner claims that counsel failed to "elicit from Teel that she had a pending charge of filing a false report to law enforcement." (Docket No. 1) Petitioner argues that counsel should have asked Teel additional questions regarding her medical training, reasons for stopping at 7-Eleven to purchase cigarettes en route to the hospital, taking Jenkins to her mother's house instead of the hospital, giving the cigarettes with paraphernalia to the petitioner, and whether she was "compensated" for her testimony with a favorable plea bargain. Petitioner further states that the trial court had to repeatedly instruct counsel on how to conduct a proper cross-examination.

The state court found petitioner's counsel could not have used the pending charge, as opposed to a conviction of filing a false report to law enforcement, to impeach Teel's credibility. See Banks v. Commonwealth, 16 Va. App. 959, 963 (Va. Ct. App. 1993) (Evidence of specific acts of misconduct is generally not admissible in Virginia to impeach a witness' credibility.) Further, though petitioner's complaint details additional questions he thinks counsel should have asked, he fails to proffer what new or material evidence would have been uncovered, should

counsel have asked the questions suggested. Petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different. Thus, the Supreme Court of Virginia's adjudication of this claim was not contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts.

3. Claim 1(c)

In claim 1(c) petitioner argues that counsel was ineffective because counsel did not use the information uncovered in the direct examination of Rebecca Teel and the cross-examination of Officer Welch. Petitioner claims that Teel's testimony showed she failed to tell Officer Welch that she and Jenkins injected heroin at petitioner's house, while Officer Welch's testimony demonstrated that the affidavit in support of the search warrant was based on information he received from the petitioner, not Teel. Petitioner argues that the combination of these testimonies provided counsel the opportunity to challenge the affidavit because the affidavit included a statement that Teel and Jenkins injected heroin. However, petitioner's argument fails to establish a basis upon which counsel could have successfully challenged the affidavit. The record, including the trial transcript, shows the search warrant was based on police interviews of both Teel and the petitioner. Petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different. Thus, the Supreme Court of Virginia's adjudication of this claim was not contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts.

4. Claim 1(d)

In claim 1(d) petitioner argues counsel was ineffective because counsel failed to properly lay a foundation when he questioned Regina Lamb and failed to establish that Lamb's proffered testimony, that Teel had previously injected Lamb with heroin to the point of overdose, was relevant and necessary to impeach Teel's testimony that she did not inject the heroin into Jenkins. The record, including the trial transcript, shows that counsel argued at trial that Lamb's testimony was relevant because Teel denied injecting the heroin into Jenkins, and Lamb's testimony would demonstrate that Teel had previously injected people with heroin, causing an overdose. Notwithstanding counsel's arguments, the trial court ruled the testimony to be irrelevant. Petitioner fails to provide additional arguments counsel could have raised, merely stating "clearly, counsel could have been more adamant about the relevancy of Lamb's testimony." (Docket No. 15) Petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different. Thus, the Supreme Court of Virginia's adjudication of these claims was not contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts.

B. Testimony of Regina Lamb (Claim 3)

Petitioner argues in claim 3 that he was denied his right to a fair trial under the Sixth Amendment because the trial court refused to admit the testimony of Regina Lamb. Petitioner presented this argument to the Supreme Court of Virginia on direct appeal after the Court of Appeals rejected it on the merits. See Ylst, 501 U.S. at 803 (holding that a federal court can rely on a reasoned state court judgment resting primarily on federal law when later unexplained state court orders uphold that judgment). Petitioner argues that Lamb's proffered testimony that Teel had, on a prior occasion, injected her with heroin, is relevant because it would serve as

impeachment for Teel's claim that she did not know how to inject herself, and also demonstrate that Teel had previously engaged in the same conduct that occurred at the petitioner's residence. Petitioner argues that this would show Teel "has a propensity to lie to the police and overdose people with drugs she distributes." (Docket No. 15) The Court of Appeals rejected petitioner's claim because it found that Lamb's proffered testimony did not relate to appellants case and did not establish any fact at issue in the case. Thus, the Supreme Court's adjudication was neither contrary to, or an unreasonable application of, clearly established federal law nor based on an unreasonable determination of the facts. Accordingly, petitioner is not entitled to habeas relief.

C. Sufficiency of the Evidence (Claim 4)

Petitioner argues that the evidence is insufficient to support his conviction of heroin distribution. The Court of Appeals adjudicated his sufficiency of the evidence claim and rejected it because the record supported the trial court's credibility determination regarding Teel's testimony. The Court of Appeals found that the Commonwealth's evidence was competent, not inherently incredible, and was sufficient to prove beyond a reasonable doubt that petitioner was guilty of distribution of heroin. In refusing the petition for appeal on direct review, the Supreme Court of Virginia, in effect, adjudicated petitioner's claim regarding the sufficiency of the evidence. See Ylst, 501 U.S. at 803; Thomas v. Davis, 192 F.3d 445, 453 n.6 (4th Cir. 1999). I find that the state court's rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law and was not based an unreasonable determination of the facts. Therefore, I dismiss the claim.

Federal habeas review of a claim challenging the constitutional sufficiency of the evidence supporting a conviction is limited to determining "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). In determining whether the state court reasonably applied this principle, the federal habeas court must determine whether the state court's decision is minimally consistent with the record, Bell v. Jarvis, 236 F.3d 149, 159 (4th Cir. 2000) (en banc), and must give deference to the findings of fact made by both the trial and appellate courts, 28 U.S.C. § 2254(d); Howard v. Moore, 131 F.3d 399, 406 (4th Cir. 1997) (citing Sumner v. Mata, 449 U.S. 539, 546-47 (1981)). The federal court does not weigh the evidence or consider the credibility of witnesses. United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983).

Any rational trier of fact could have found beyond a reasonable doubt that petitioner committed distribution of heroin.[6] To prove petitioner committed distribution of heroin in violation of Virginia Code § 18.2-248, the Commonwealth needed to prove beyond a reasonable doubt that petitioner manufactured, sold, gave, distributed, or possessed with the intent to manufacture, sell, give or distribute a controlled substance or an imitation controlled substance.

The evidence showed that on March 21, 2009, Teel and Jenkins traveled to petitioner's residence. Teel testified at trial that during the visit, petitioner sold Jenkins heroin. Teel explained petitioner injected her and Jenkins with heroin. Jenkins overdosed from the drugs and died as a result. The following day, the police searched petitioner's residence and discovered the drug paraphernalia and drugs. Teel admitted she initially lied to the police, but confirmed at trial that petitioner had sold drugs to Jenkins. The trial court believed the Commonwealth's evidence and rejected petitioner's version of the events. The trial court specifically noted Teel's testimony

---

[6] The due process clause of the Fourteenth Amendment protects a state court defendant from conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970).

14

was "the more credible testimony that was given here today." (Docket No. 13-2) Accordingly, petitioner fails to establish that the evidence was insufficient to sustain distribution of heroin conviction.

IV. Conclusion

For the foregoing reasons, I will grant respondent's motion to dismiss the petition for a writ of habeas corpus.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the parties.

ENTER: this 13th day of June, 2013.

                                          Senior United States District Judge